OPINION
{¶ 1} Defendant-appellant Lori A. Rose appeals from her plea of guilty and the subsequent sentence imposed by the Clark County Court of Common Pleas. On January 7, 2004, Rose plead guilty to one count of rape, a felony of the first degree. On January 27, 2004, Rose was sentenced to ten years imprisonment, the maximum allowed for a felony of the first degree. For the following reasons we affirm the decision of the trial court.
 1. I {¶ 2} On August 25, 2003, Rose was charged with two counts of gross sexual imposition and one count of rape with a force specification. On January 7, 2004, Rose plead guilty to one count of rape. In exchange for this plea, the State of Ohio agreed to drop the gross sexual imposition charges and the force specification for Rose's testimony against two codefendants. Counsel for the Defendant had advised the court that Rose was illiterate. Defense counsel had not requested a competency evaluation to determine Rose's ability to understand the proceedings.
 {¶ 3} On January 27, 2004, Rose was sentenced to 10 years in prison, the maximum prison term allowable for rape under R.C. § 2929.14. The maximum sentence was imposed because the court found that Rose committed the worst form of the offense and a shorter term would demean the seriousness of Rose's conduct and would not adequately protect the public. It is from this judgment that Rose now appeals.
 II {¶ 4} Rose appeals from this judgment and asserts the following three assignments of error:
 {¶ 5} "1. Trial court erred in accepting defendant's plea of guilty as it was uncounseled and involuntary, unknowingly and unintelligently entered as a result of the ineffective assistance of trial level counsel.
 {¶ 6} "2. Trial court erred in accepting rose's plea of guilty because it failed to properly inform her as to the rights she waived by entering the plea of guilty.
 {¶ 7} "3. Trial court erred in imposing the maximum sentence because it failed to take into account all of the factors in sentencing rose."
 {¶ 8} On July 28, 2004, Rose filed a notice of appeal.
 III Appellant's first assignment of error:
 {¶ 9} Rose argues that the trial court erred in accepting her plea of guilty since it was entered as a result of the ineffective assistance of trial counsel. Rose argues that counsel should have raised her competency and should not have allowed her to enter a guilty plea. In order to demonstrate ineffective assistance of counsel a defendant must show that the conduct of counsel "fell below an objective standard of reasonableness" Strickland v. Washington (1984), 466 U.S. 668, 687-688,104 S.Ct. 2052, 80 L.Ed. 2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Strickland, 466 U.S. at 669. In order for a defendant to show ineffective assistance of trial counsel there must exist a reasonable probability that but for the errors of trial counsel the result of the proceedings would have been different. Id.
 {¶ 10} A defendant is presumed competent. In order to rebut this presumption a hearing must be requested and at a subsequent hearing, a preponderance of the evidence must show that the defendant, as a result of their present mental condition, is not capable of understanding the proceedings and is unable to assist in their defense. R.C. § 2945.37(G). Here, no suggestion of incompetency was made by Rose's counsel nor was a hearing requested. The presumption is that a defendant is competent unless a hearing, after an evaluation, demonstrates otherwise. An inability to read (illiteracy) is clearly different from an inability to assist in one's own defense.
 {¶ 11} We find nothing in the record to indicate that but for the failure of trial counsel to raise Rose's competency, she would have been found incompetent and not have entered a guilty plea. Thus, the trial court did not err in accepting the plea because it was not entered as a result of ineffective assistance of trial counsel. Rose's first assignment of error is overruled.
 IV Appellant's second assignment of error
 {¶ 12} Rose argues that the trial court erred in accepting her guilty plea because it failed to properly inform her of the rights waived as a result of entering the plea. She contends that the court knew she was illiterate and therefore should have held a competency hearing to determine whether she was able to stand trial. In accepting a guilty plea the court must address the defendant personally and make the following determinations in accordance with Crim. R. 11(C). First, that the plea is being made voluntarily and the defendant understands the nature of the charges and the maximum penalty involved. In Rose's case the court was required to advise her that she was not eligible for probation or community control sanctions. Secondly, the court must inform the defendant of and determine if they understand the effect of pleading guilty. Finally, the court must inform the defendant that by pleading guilty they waive various rights which include the right to a jury trial, to confront witnesses against them, to require the state to prove their guilt beyond a reasonable doubt at trial and the right to be free from self-incrimination and then must determine that the defendant understands. When there is a written plea agreement, Crim. R. 11 does not require that a person be able to read in order to enter into it, only that there be an oral dialogue between the court and defendant regarding the plea and a record that demonstrates defendant's understanding thereof. State v. Ivy (1995), Montgomery App. No. 15029, 1995 WL 704120.
 {¶ 13} The record supports a finding that the trial court properly informed Rose of the rights she waived as a result of her guilty plea and that she understood the effect of the plea, which included a mandatory prison term.
 {¶ 14} At the January 7, 2004, change of plea hearing Rose indicated that she did not understand the meaning of the word "voluntary." The court proceeded to explain to her that voluntary means the plea is entered "of your own free will." When asked if she understood this explanation Rose answered "yes." The court explained to Rose that the offense carried with it a mandatory prison term of anywhere from three to ten years and that it could not grant probation or impose a community control sanction. Rose again answered in the affirmative when the court asked if she understood the mandatory prison range.
 {¶ 15} At the plea hearing there was also extensive dialogue between the court and Rose regarding the effect of pleading guilty. It was explained to Rose that by pleading guilty she would be waiving a number of rights including her right to a trial to the court or by jury, a right to require the State of Ohio to prove her guilt beyond a reasonable doubt by the unanimous verdict of a jury on every element of the offense. The court also explained to Rose that by entering a guilty plea she was waiving the right to confront any witness against her and to subpoena or compel the attendance of witnesses on her own behalf and that she was giving up her right against self-incrimination. Rose answered "yes" when the court asked whether she understood those rights and that by pleading guilty she was forfeiting them all. Every indication is that Rose was competent to plead guilty.
 {¶ 16} After reviewing the record we find nothing to establish that the trial court erred in accepting the plea. The court properly informed Rose of the rights she was waiving by entering a plea of guilty and the consequences thereof. Rose's second assignment of error is overruled.
 V Appellant's third assignment of error
 {¶ 17} Rose argues that the trial court erred in imposing the maximum sentence allowed for the offense by failing to take into account all of the factors necessary in order to impose such a sentence. She contends that the trial court failed to find either of the statutorily sanctioned reasons for imposing such a sentence.
 {¶ 18} The court shall impose a prison term of three to ten years for rape, which is a felony of the first degree. R.C. § 2929.14(A)(1). When reviewing a sentence the appellate court must conduct a "meaningful review," which for a felony sentence means that in order to vacate or modify the sentence the court must clearly and convincingly find that the record does not support the sentence. R.C. § 2953.08 (G)(2). When sentencing the trial court is to impose the shortest prison term allowable for a felony unless the defendant has previously served time in prison or "the court finds on the record that the shortest prison term will demean the seriousness of the defendant's conduct or will not adequately protect the public from future crime by the offender." R.C. §2929.14 (B). The court may only impose the maximum prison term if the defendant has committed the worst form of the offense. R.C. § 2929.14
(C). If a court decides to impose the maximum sentence it must give its reasons for imposing such a sentence. R.C. § 2929.19 (B)(2)(d).
 {¶ 19} The record supports a finding that the trial court took into account all of the factors necessary in order to impose the maximum sentence.
 {¶ 20} Here, Rose was sentenced to ten years imprisonment, the longest term allowable under R.C. 2929.14(A). At the January 27, 2004 sentencing hearing the trial court states on the record its conclusion that the shortest term would demean the seriousness of Rose's conduct and would not adequately protect the public. It also states that this was the worst form of the offense.
 {¶ 21} At the hearing the judge pronounced his reasons for imposing the maximum sentence which included the age of the victim, the relationship between the victim and Rose, the permanent and serious psychological and physical trauma suffered by the child victim, the likelihood of Rose committing future crimes and the fact Rose had already received consideration in the plea bargain.
 {¶ 22} After reviewing the record, we cannot conclude that it does not support the maximum sentence. The trial court set forth its findings in accordance with the statutory requirements. The court clearly outlined its reasons which supported the maximum sentence. Rose's third assignment of error is overruled.
 VI {¶ 23} All of Rose's assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.